# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGIE SCOTT-BENSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-00056** |
| **KBR, INC.** | **SECTION: "KWR"** |

## ORDER & REASONS

Before the Court is a **Motion for Summary Judgment (R. Doc. 46)** filed by Plaintiff, Angela "Angie" Scott-Benson ("Benson") seeking summary judgment in her favor of her Title VII, 42 U.S.C. § 2000e, *et seq.*, claims filed against Defendant KBR, Inc ("KBR"). The motion is opposed. R. Doc. 58. The motion was heard on the briefs on October 9, 2019.

I. **Background**

Benson filed this discrimination lawsuit against her former employer, KBR, Inc., pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"). The heart of her claim is that she was discriminated against because her coworkers accused her of being involved in inappropriate romantic relationships with men on the job in violation of the company's prohibited relationship policy subjecting her to a hostile work environment. She further alleges that KBR failed to hire her in December 2015 after being subject to a reduction in force because she complained earlier of a HIPAA violation.

Benson also alleges that KBR's investigation of the romantic relationship complaint between her and her immediate manager, Danny Geisinger, along with the rumors and gossip by her coworkers, constitute retaliation because she had earlier complained of a HIPAA violation. According to Benson, the HIPAA violation consisted of the removal of her prescription medication list from her employee file. She further alleges that KBR hired a male for the position she had been

told previously was hers but upon relocating to Texas was denied the job subjecting her to gender discrimination and disparate treatment.

Benson also alleges that because she was subject to a reduction in force, she was wrongfully discharge in retaliation for complaining about a HIPAA violation. Benson further contends that KBR failed to hire her in February 2017, without an application but based on her resume, in retaliation for filing her March 2016 discrimination charge. Benson also generally alleges that the defendant subjected her to intentional infliction of emotional distress.

Without addressing each of the specific issues she attempts to raise in her motion and further before comparing what she complains of now verses what she complained of to the EEOC, the Court finds that Bensons own pleadings contain genuine issues of material fact. In connection with the subject motion Benson submitted a statement of "Uncontested Material Facts." However, Benson's purported statements of "Uncontested Material Facts" are in fact contested and also contradict the evidence Benson submitted in support of her Motion for Summary Judgment. Additionally, Defendant KBR largely opposes Benson's representation of what facts are material and uncontested as compared to contested and immaterial or vague. Rec. doc. 46.

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 56(a) provides that summary judgment is appropriate where "the movant shows that there is **no genuine dispute** as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). A fact is "material" if resolving that fact in favor of one party could affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Poole v. City of Shreveport*, 691 F.3d 624, 626-27 (5th Cir. 2012).

Where the moving party bears the burden of proof at trial as the plaintiff, or as a defendant asserting an affirmative defense, that party must support its motion with "credible evidence . . . that would entitle it to directed verdict if not controverted at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 331 (1986). In such a case, the moving party must "establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original); *see also Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.,* 662 F.3d 376, 378 (5th Cir. 2011). Credible evidence may include depositions, documents, affidavits, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). Moreover, in evaluating a motion for summary judgment by the party with the underlying burden of proof, the Court considers the substantive evidentiary burden of proof that would apply at the trial on the merits. *Anderson,* 477 U.S. at 252. The moving party's burden is therefore "understandably heavier" where that party is the plaintiff. *S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.,* 829 F. Supp. 2d 437, 447 (E.D. La. 2011).

Once the moving party has made its showing, the burden shifts to the non-moving party to produce evidence that demonstrates the existence of a genuine issue of fact. *Engstrom v. First Nat. Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex,* 477 U.S. at 322–24). All justifiable inferences are to be drawn in the non-moving party's favor. *Anderson,* 477 U.S. at 255. However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for Summary Judgment." *Brown v. City of Houston, Tex.,* 337 F.3d 539, 541 (5th Cir. 2003) (internal citations omitted); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996) (stating that "mere conclusory allegations" are insufficient to defeat a motion for summary judgment). Although the Court may not evaluate evidence on a motion for summary judgment, the Court may make a determination as to the "caliber or quantity" of evidence as part

of its determination of whether sufficient evidence exists for the fact-finder to find for the non-moving party. *Anderson,* 477 U.S. at 254.

The summary judgment standard in an employment discrimination matter is premised upon a burden-shifting analysis from *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. Thereunder, the Court must first determine if the plaintiff has established a *prima facie* case of discrimination, sufficient to raise an inference of discrimination. *McDonnell-Douglas*, 411 U.S. at 802; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002) (finding that in Title VII actions, a *prima facie* standard is used for evidentiary purposes on summary judgment); *Powell v. Rockwell Int'l Corp.*, 788 F.2d 279, 285 (5th Cir. 1986) ("The *McDonnell-Douglas* formula . . . is applicable . . . in a . . . summary judgment situation."); s*ee also Jackson v. Texas A & M Univ. Sys.*, 975 F. Supp. 943, 947 (S.D. Tex. 1996) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 (5th Cir.1996)).

### III.     Material Questions of Fact Exist

Benson's own purported statements of Uncontested Material Facts are contradicted by the record evidence she attached to her motion. For example, while Benson contends she filed her first EEOC complaint in December 2015, the evidence shows that it was in March 2016. (See EEOC Charge of Discrimination, March 12, 2016, Rec. doc. 46-8.) Moreover, while Benson contends that she worked as a Safety Supervisor, the evidence shows as a KBR employee her actual title was HSE Inspector. (See Email, Angie Scott Benson, Rec. doc. 46-10.)

Benson's employment start date as a KBR employee, versus working as a subcontractor on the Pascagoula Project, is different than the purportedly uncontested fact. *See* Rec. doc. 46-2. The allegations of Benson's improper romantic relationships occurred after she filed her EEOC charge when the evidence shows that they occurred before she filed her EEOC charge. (*See* EEOC charge

dated March 12, 2016, Rec. doc. 46-8.) The record reflects that it was after she filed her EEOC charge in March 2016 that her coworkers repeatedly called her "Queen B", "whore", and "slut" when Benson has no evidence that her coworkers called her a "whore" and "slut".

Finally, Benson's perception of the scope of hiring authority of Tom Guidry on the LaPorte Project, is disputed by KBR and is material. (Rec. doc. 58-1.) Who completed the requisition for the HSE Inspector position, Guidry or Carlson is also material. (See KBR Personnel Requisition Form dated December 14, 2016, D-000703.) There is a material dispute as to who replaced McCaskill—Herrera or Garcia. (*See* Rec. doc. 58-1.) There is also a material dispute regarding who McCaskill reported to as HSE Manager—Kluger or Guidry. (Rec. doc. 46-2.) Many of the purported uncontested material facts are directly contradicted by the very evidence that Benson submitted to support her motion as well as KBR. As a result, considering her motion and supporting documents as well as the opposition to the uncontested material facts, a summary judgment in her favor would be inappropriate and impossible.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Summary Judgment (R. Doc. 46)** is **DENIED.**

New Orleans, Louisiana, this 12th day of November, 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**