# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGIE SCOTT-BENSON | CIVIL ACTION |
| VERSUS | NO. 18-0056 |
| KBR, INC. | CHIEF MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

Before the Court is the plaintiff's "Objection to Summary Judgment in Favor of KBR" (Rec. Doc. No. 120). In the motion, the plaintiff moves a United States District Judge under Fed. R. Civ. P. 72(b) to consider certain her objections to alleged errors in the undersigned Chief United States Magistrate Judge's reasons supporting the final Judgment (Rec. Doc. No. 119) entered November 13, 2019. By that Judgment and the supporting Order and Reasons (Rec. Doc. No. 118), the Court granted the defendant, KRB, Inc.'s Motion for Summary Judgment (Rec. Doc. No. 53) and dismissed the plaintiff's claims with prejudice.

Beginning June 11, 2018, this case has been before the undersigned Chief Magistrate Judge for all proceedings pursuant to the valid, written consent of all parties under 28 U.S.C. § 636(c). Rec. Doc. No. 15. Pursuant to § 636(c), the undersigned is the presiding judge in this case while in the district court. Any appeal of an order or judgment entered in this case must be taken directly to the United States Court of Appeals for the Fifth Circuit in the same manner as an appeal from any other appealable order or judgment of the district court. *See* 28 U.S.C. §§ 636(c)(1), (c)(3). The provisions of § 636(b) and Fed. R. Civ. P. 72 no longer apply in this case. *See Johnson v. Collins*, No. 94-41056, 1995 WL 71155, at *1 (5th Cir. Jan. 25, 1995) ("When a magistrate judge proceeds to adjudicate the claims under subsection (c), the notice and opportunity to respond under

subsection (b) are inapplicable."). The Fifth Circuit has further explained the effects of the parties consent:

> Under 28 U.S.C. § 636(b)(1), litigants may object to a report and recommendations within fourteen days after service of same. If, however, the parties consent to proceed before the magistrate judge, the magistrate judge may, with the district court's approval, "conduct any or all proceedings . . . and order the entry of judgment." 28 U.S.C. § 636(c)(1). When the magistrate judge enters judgment, an aggrieved party appeals directly to the court of appeals "in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3).

*Coleman v. Sweetin*, 745 F.3d 756, 762 n.4 (5th Cir. 2014); *accord Booker v. Collins*, No. 99-41021, 2001 WL 422883, at *7 (5th Cir. Apr. 5, 2001) (Section 636(c) "allows the magistrate judge to enter final judgment in the case and permits an aggrieved party to appeal directly from the magistrate judge's judgment to the court of appeals…").

In this case, by consenting to proceed before the undersigned Chief Magistrate Judge, the plaintiff also consented to the entry of final judgment pursuant to 28 U.S.C. § 636(c)(3). *Id*. The plaintiff has no procedural grounds to file objections to the final Judgment entered by this Court on November 13, 2019. Any relief from the Judgment may be addressed through a properly filed notice of appeal to the United States Fifth Circuit. Accordingly,

**IT IS ORDERED** that the plaintiff's **Objection to Summary Judgment in Favor of KBR (Rec. Doc. No. 120)** is **DISMISSED without prejudice** to her right to appeal.

New Orleans, Louisiana, this   5th   day of December, 2019.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**